### J. C. CORCORAN v. HIRAM L. SUMPTION.

February 7, 1900.

Nos. 11,825—(156).

**Action to Dissolve Partnership—Pleading.**

When a copartnership is for a term of years, and an action is commenced by one partner against the other to dissolve the same on the ground of misconduct and misbehavior on the part of the defendant in respect to partnership matters, it is not necessary that the latter plead in his answer the commencement of such action, and that he has thereby been damaged, in order to avail himself of a wilful wrong and injury perpetrated by defendant in commencing the same.

**Purchase of Interest—Consideration.**

When one member of such a copartnership has paid a premium to the other, the consideration for such payment is not only the creation of the partnership between the parties, but also the continuance thereof for the term agreed on.

**Damages.**

If the partner to whom the premium is paid is guilty of misbehavior and misconduct which compels and brings about a dissolution during the term for which the partnership was formed, the premium may be apportioned, and a part returned; the amount thereof to be determined and awarded as damages in an action to dissolve.

**Term of Years—Apportionment of Damages.**

In the case at bar the copartnership was for five years, and was dissolved, through no fault of defendant, at the end of the first year. The court assessed the damages at four-fifths of the premium paid by him to plaintiff. *Held* correct.

Action in the district court for Ramsey county to dissolve a partnership existing between plaintiff and defendant, and for other relief. The case was tried before Kelly, J., who found in favor of defendant, and determined that he was entitled to recover $2,400 damages. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*L. D. Barnard*, for appellant.

*Martin H. Albin*, for respondent.

COLLINS, J.

Plaintiff and defendant entered into copartnership November 1, 1894, for the practice of dentistry in the city of St. Paul, the partnership to continue for five years, defendant paying plaintiff $3,000 for a half interest in the business theretofore conducted by him. November 14, 1895, plaintiff commenced this action, alleging in his complaint gross misbehavior and misconduct on the part of defendant in respect to the partnership business, and that in several specified ways he had violated the copartnership agreement. The firm indebtedness was alleged to be about $700, while the assets, it was stated, were insufficient to meet and liquidate the same. The relief demanded was the appointment of a receiver to wind up the business, and also that a dissolution be adjudged The court below refused to appoint a receiver pending the litigation.

The answer admitted the partnership, the payment of $3,000 by defendant, and that the firm indebtedness was about $700. It denied the allegations of the complaint as to defendant's misbehavior or misconduct, or that he had violated the agreement. And as a counterclaim defendant averred full, proper, and perfect performance and compliance on his part in every respect, and a willingness to contribute his share of the amount of money required to meet and pay all firm indebtedness. It set forth certain false and fraudulent statements and representations on plaintiff's part, made for the purpose, and which induced defendant to pay said $3,000 and to enter into said copartnership. It alleged various acts of misconduct on plaintiff's part in respect to copartnership duties and obligations, and that in a number of particularly specified ways he had violated and disregarded the agreement. It set forth in

detail tne amount of business transacted by the firm prior to the commencement of the action, the expense incurred, the amount of profits for the time which had elapsed,—about one year,—and the estimated profits for the remainder of the five-year term. The relief demanded did not particularly differ from that asked by plaintiff.

An agreement was then entered into between the parties under which the firm assets were sold, the debts paid, and the surplus divided; the defendant receiving the sum of $600. The pendency of the action was recited in the agreement, but it was expressly stipulated:

"That this agreement shall in no way affect the status of the hereinbefore mentioned action brought by said Corcoran against said Sumption, or in any way affect the right of either party to the relief asked for by either of the parties to said action in their respective pleadings, except as herein settled or adjusted, but that either of said parties to said suit shall have the same right to recover in said action, or in any other action, for damages and only damages as he may be able to show himself entitled by reason of the breaches of said partnership agreement by either of said copartners, whether as alleged in said pleadings or otherwise, or on account of any other facts that may be hereafter set up or alleged in any subsequent pleadings in said action, or in any other action by or against either party to this agreement, or against said copartnership, the same as and as fully as if this agreement had not been entered into, for breaches of said articles of copartnership and on account of the misconduct of either of said copartners in the conduct of said partnership matters."

The reply, made subsequently, alleged this agreement, a copy thereof being attached. Some months afterwards the cause was brought on for trial before the court without a jury, whereupon plaintiff's counsel announced that plaintiff had abandoned his cause of action, and would not introduce evidence to support it. Witnesses were then called and testimony received in defendant's behalf. During the trial the court ruled that for the purposes of the case as it then stood the copartnership was dissolved by the bringing of this action, and that by the subsequent agreement made by the parties the only question for consideration was whether defendant was entitled to recover on account of the matters set forth

in his counterclaim. In this connection the court expressly stated that, if defendant was guilty of some wrong which furnished good cause for bringing this action, he could not recover damages. There was no exception taken to this ruling, and both parties seem to have acquiesced in it, and to have subsequently tried their case with reference thereto. Among the facts found by the court was the following:

"That the defendant also upon his part faithfully performed all the other duties and obligations by him to be performed under said agreement and partnership, and was able, ready, and willing to continue said partnership according to said agreement until prevented by the conduct of the plaintiff as hereinafter found."

And, further: "That on November 14, 1895, the plaintiff above named wrongfully and without cause began this action against the defendant, praying for a dissolution of said partnership, the appointment of a receiver to close up its business, and for other relief, and thereby and thereafter refused to continue said partnership any longer."

There was no finding that defendant was prevented from performing on his part by any act or behavior of plaintiff, except as above set forth; or that the latter had violated the terms of the co-partnership agreement in any other manner than by bringing this action. Counsel for plaintiff argues that the trial court erred when making these quoted findings of fact, and also erred when it made its conclusions of law based upon them.

The position taken by counsel is that, as it was nowhere averred in the answer that defendant had suffered any damages whatsoever on account of the commencement of this action, there could be no such damages recovered; or, to state it differently, that, as defendant's counterclaim and alleged right to recover was predicated wholly upon allegations in the answer of misbehavior and misconduct prior to the commencement of this action, there could be no recovery on findings which were not responsive, and failed to cover such allegations.

It was not necessary for the answer to contain the averments contended for by counsel. The bringing of the action with a complaint charging defendant with a gross violation of his contract stood as a stubborn fact, and it would be an absurdity to hold that

defendant must plead it when answering. Defendant's counter-claim was founded on plaintiff's misbehavior and misconduct and disregard of duty as a copartner; the bringing of the action wilfully and without good cause being one of the wrongful acts and the culmination thereof. The court so held when, on the trial, it ruled, as before stated, that the action itself terminated the partnership, to which no exception was taken. More than this, the parties had covered this identical point when they stipulated in the agreement that either party should recover such damages as he might be entitled to, "whether as alleged in the pleadings or otherwise." The plaintiff declined to substantiate the charges found in his complaint, thus virtually admitting that the present action was un founded and unjust, and he ought not to find fault with the findings referred to. As was said by the learned trial court, plaintiff should not "complain if held responsible for the necessary and logical consequences of his own deliberate acts." The findings were certainly within the issues, and abundantly warranted the conclusions of law, if the proper measure of damages was adopted.

In addition to ordering judgment formally dissolving the co-partnership, the court awarded damages to defendant in the sum of $2,400, and as to this plaintiff's counsel assigns error. By this award the plaintiff was permitted to retain one-fifth of the amount paid, the other four-fifths being restored to defendant; this because the copartnership had been dissolved when one-fifth of the agreed term had expired, the plaintiff being wholly responsible therefor. He obtained from defendant a premium for a copartnership agreement extending over a period of five years. At the end of the first year he compelled and brought about a dissolution wilfully, and without a just motive, and without a reasonable cause. He could not thereby free himself from his obligations, but must be held responsible for the wrong. The answer was founded on the theory that the damages recoverable would be a sum equivalent to the prospective profits for the four years yet within the life of the agreement, but the trial court proceeded to assess damages on a different basis; that is, on the basis of the premium paid by defendant to plaintiff. The court was right unquestionably. A distinguished writer says:

"The consideration for the premium is not only the creation of a partnership between the person who takes, and him who parts with, the money, but also the continuance of that partnership; and if a person on his entry into a partnership pays a premium and then the partnership is determined sooner than was expected, the question arises whether any, and if any what, part of the premium ought to be returned?" And also: "Disagreements between the partners resulting in a dissolution have given rise to much difficulty. The tendency of modern decisions is to apportion the premium in these cases not only where neither partner is to blame, but a fortiori where the partner receiving the premium has so misconducted himself as to give the partner paying it a right to have the partnership dissolved; and it matters not that the latter may himself not be altogether free from blame; nor is the rule altered by the fact that the partners have consented to dissolve since the institution of legal proceedings." And again: "There is no definite rule for deciding in any particular case the amount which ought to be returned. The time for which the partnership was entered into, and the time for which it has in fact lasted, are the most important matters to be considered; but other circumstances must often be taken into account in order to decide what is fair between the parties. At the same time the rule generally adopted is to apportion the premium with reference to the agreed and actual duration of the partnership." 1 Lindley, Partn. (2d Ed.) 65–69, inclusive.

The same rule is laid down in 2 Bates, Partn. § 805, and to sustain the order appealed from we are not required to indorse all that is said in these text-books. It is enough for us to adopt and to announce as sound and just the rule that, if the partner to whom the premium is paid is guilty of misbehavior and misconduct which compels and brings about a dissolution during the time for which the partnership was formed, the premiums may be apportioned, and a part returned; the amount thereof to be determined and awarded as damages in the action to dissolve.

Order affirmed.